UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edgar Searcy, # 04726-031, | C/A No. 6:06-3336-GRA-WMC |
| Petitioner, | |
| vs. | Report and Recommendation |
| Chaplain Broom;<br>Matthew Hamidullah, Warden of FCI-Estill;<br>U.S. Attorney General, Alberto Gonzalez;<br>United States Bureau of Prisons; and<br>United States of America, | |
| Respondents. | |

# *Background of this Case*

The petitioner, who is a federal inmate at FCI-Estill, has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241. In the § 2241 petition in the case at bar, the petitioner has brought suit against a chaplain at FCI-Estill, the Warden of FCI-Estill, the Attorney General of the United States, the Federal Bureau of Prisons, and the United States of America. In the § 2241 petition, the petitioner alleges or contends that the Federal Bureau of Prisons is infringing on his constitutional right to practice the Mennonite or Amish faith. The petitioner states that he began attending "General Christian

1

services" in April of 2006. The "General Christian services" at FCI-Estill employ the use of musical instruments, a practice at odds with traditional Mennonite or Amish services. The petitioner requested that separate services be provided for those inmates who did not want to attend services wherein musical instruments were utilized. The petitioner was, in part, accommodated when "every 3rd of 4th week" a service free of musical instruments is held. The petitioner also alleges that on September 2, 2006, he was placed in confinement for no apparent reason.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review[1] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).   When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

under this less stringent standard, the § 2241 petition — which raises civil rights claims of deliberate indifference — is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The petitioner is obviously raising First Amendment claims, which are cognizable under the holding in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites, inter alia*, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).  A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.

*See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982).  Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983.  In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*.  *See*  Farmer v. Brennan, supra; Bolin v. Story, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the Bivens remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

The claims raised in the above-captioned case, however, are not proper § 2241 grounds.  Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, Doganiere v. United States, 914 F.2d 165, 169-170, 1997 U.S.App. LEXIS® 15663 (9th Cir. 1990), *cert. denied*, 499 U.S. 940, 113

L.Ed.2d 454, 111 S.Ct. 1398, 1991 U.S. LEXIS® 1772 (1991); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-505, 1993 U.S.App. LEXIS® 29079 (6th Cir. 1993); prison disciplinary actions, United States v. Harris, 12 F.3d 735, 736, 1994 U.S.App. LEXIS® 735 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-130, 1991 U.S.App. LEXIS® 29451 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, San-Miguel v. Dove, 291 F.3d 257, 2002 U.S.App. LEXIS® 9581 (4th Cir.), *cert. denied*, San-Miguel v. Dove, 537 U.S. 938, 154 L.Ed.2d 242, 123 S.Ct. 46, 2002 U.S. LEXIS® 7311 (2002), and *cert. denied*, Young v. Conley, 537 U.S. 938, 154 L.Ed.2d 242, 123 S.Ct. 46, 2002 U.S. LEXIS® 7310 (2002).

Since the allegations raised by the petitioner in the above-captioned case are facially valid civil rights claims under the First Amendment or under the Religious Land Use and Institutionalized Persons Act (RLUIPA), *see, e.g.,* Cutter v. Wilkinson, 544 U.S. 709, 125 S. Ct. 2113, 161 L. Ed. 2d 1020, 2005 U.S. LEXIS® 4346 (2005), the civil rights claims in this § 2241 action can be properly raised in a Bivens action. Hence, in a separate order, the Clerk of Court has been directed to send Bivens forms to the petitioner.

# *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

December 4, 2006  
Greenville, South Carolina

WILLIAM M. CATOE  
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is, hereby, advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).