UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Edgar Searcy, #04726-031, ) | |
| ) | C/A No. 6:06-3336-GRA-WMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Chaplain Broom; Matthew Hamidullah, ) | |
| Warden of FCI-Estill; U.S. Attorney ) | |
| General, Alberto Gonzalez; United States ) | |
| Bureau of Prisons; and United States of ) | |
| America, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. Petitioner filed this action on November 22, 2006 and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. The magistrate recommended that the petition be dismissed without prejudice and without requiring the respondents to file a return because petitioner's claims are not cognizable under 28 U.S.C. § 2241. For the following reasons, the Court accepts the recommendation of the magistrate.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow

1

for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); see *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

2

Petitioner timely filed objections to the magistrate's Report and Recommendation on December 13, 2006.

Petitioner objects that *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3rd Cir. 2005) supports § 2241 jurisdiction over these claims. In *Woodall*, the Court held that a § 2241 action may be used to challenge the manner in which a sentence is executed. *Id.* at 241. The Court referred to administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions as proper grounds for § 2241 relief. Thus, the Court held that the district court had properly exercised jurisdiction over a challenge to prison regulations that limited a prisoner's placement in community confinement.

The instant petition does not assert claims relating to the manner in which petitioner's sentence is being executed. Petitioner tries to frame his claim as one involving prison conditions, but attending religious services is a voluntary activity. The alleged violation of petitioner's First Amendment rights is not a prison conditions claim. Therefore, the proper cause of action does not lie in § 2241 but in a *Bivens* action.

Petitioner objects that his housing issues are proper § 2241 claims. In essence, the petitioner argues that the Bureau of Prisons has a duty to accomodate his religion by allowing him to visit with others of his faith in a Community Corrections Center. *Amended Petition p. 3*. In this way petitioner attempts to make his claims similar to those raised in *Woodall*. However, in *Woodall*, the district judge sentenced the petitioner to serve his time in a CCC. No similar order exists in this case. Assuming

3

that petitioner has a right to be housed in CCC, his claim still hinges on his First Amendment right to associate with others sharing his religious views. Therefore, this claim too is improper as a § 2241 action.

Petitioner cites to 28 U.S.C. § 1651, commonly known as the "All Writs Act," for the proposition that this Court may allow a mixed petition asserting §2241 and *Bivens* claims to go forward. Petitioner misunderstands the magistrate's recommendation. In order to file a *Bivens* claim, petitioner must file a separate complaint. In fact, this Court may take judicial notice of Civil Action No. 6:07-154-GRA-WMC, in which the petitioner recently brought a *Bivens* complaint raising the same substantive claims. *See* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties").

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the amended petition be DISMISSED without prejudice and without requiring the respondents to file a return.

4

IT IS SO ORDERED.

                                                           *G. Ross Anderson, Jr.*
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 28, 2007

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

      Petitioner has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.